UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

SHATEEK AMIN BILAL,
        *Plaintiff-Appellant,*

v.

SERGEANT SMITH; LIEUTENANT
VANBUREN; SERGEANT OAKES; GUARD
NORWOOD; GUARD IRBY; GUARD
WILLIAMS; GUARD MAGNUM; GUARD
JONES; GUARD MCMILLION; GUARD
CORDELL,
        *Defendants-Appellees,*

and

GEORGE CURRIE, Superintendent;
RICKY DUKE, Assistant
Superintendent; JEANNIE LANCASTER;
HAROLD PERSON; MICHAEL MUNNS;
LIEUTENANT RYAN; LAWRENCE
SOLOMON, Assistant Superintendent;
DAVID A. CARROLL, Sergeant;
SERGEANT WESLEY; SERGEANT SMITH;
RANDALL LEE, Administrator of
Caledonia Correctional Institution;
JOY BAREFOOT, Programs Manager at
Central Prison,
        *Defendants.*

No. 03-6642

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-02-9-5-H)

Argued: May 7, 2004

Decided: August 12, 2004

Before MOTZ and KING, Circuit Judges, and
Pasco M. BOWMAN, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

**ARGUED:** Pepin A. Tuma, Appellate Litigation Clinic, UNIVER-
SITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia,
Neal Lawrence Walters, Charlottesville, Virginia, for Appellant.
James Philip Allen, Assistant Attorney General, OFFICE OF THE
ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North
Carolina, for Appellees. **ON BRIEF:** Roy Cooper, Attorney General
of North Carolina, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Shateek Amin Bilal appeals from adverse rulings made in the East-
ern District of North Carolina in this § 1983 proceeding. Specifically,
Bilal maintains that the court erred in its Order of November 4, 2002,
dismissing without prejudice his claims that several North Carolina
correctional officers and their supervisors (the "Defendants") cen-
sored his mail and denied him access to the courts, in violation of the
First and Fourteenth Amendments. *See Bilal v. Currie*, No. 62 Civ.
02-CT-9 (E.D.N.C. Nov. 4, 2002). Bilal also contends that the court
erred in its subsequent Order of April 1, 2003, awarding summary

judgment to the Defendants on his Eighth Amendment claims of excessive force and unlawful restraint. *See Bilal v. Currie*, No. 70 Civ. 02-CT-9 (E.D.N.C. April 1, 2003).

Having thoroughly considered the record and the issues raised by Bilal at argument and in his *pro se* and counselled written submissions, we are content to affirm the court's rulings. Bilal's First and Fourteenth Amendment claims were appropriately dismissed without prejudice to allow him an opportunity to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a) (providing that no § 1983 action shall be brought with respect to prison conditions until such administrative remedies as are available have been exhausted). And as the court correctly determined, the Defendants were entitled to summary judgment on Bilal's Eighth Amendment claims because his injuries were *de minimis* and no extraordinary circumstances were present. *See Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (recognizing that, absent extraordinary circumstances, plaintiff suffering *de minimis* injuries cannot prevail under Eighth Amendment). Because we perceive no reversible error in the challenged rulings, we affirm the court's judgment in all respects.

*AFFIRMED*